IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK BUTLER, # M-03292, </br>INMATE BELL, </br>and INMATE VAUGHN BROWN, </br></br>Plaintiffs, </br></br>vs. </br></br>RICK HARRINGTON, </br>KIMBERLY BUTLER, REDNOUR, </br>GAETES, LT. VEATH, </br>JASON HART, OFFICER ANTHONY, </br>and SGT. HASEMAYER, </br></br>Defendants. | ) </br>) </br>) </br>) </br>) </br>) </br>) Case No. 13-cv-1285-MJR </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kendrick Butler is currently incarcerated at Pontiac Correctional Center ("Pontiac"), where he is serving an 80-year sentence for murder. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on his own behalf, and purportedly on behalf of the other two individuals he lists in the caption as co-Plaintiffs: Inmate Bell and Inmate Vaughn Brown (Doc. 1, p. 1). However, the body of the complaint contains no allegations whatsoever that relate to co-Plaintiffs Bell or Brown, nor do their names appear anywhere else in the document. Further, neither of these individuals has signed the pleading or submitted a motion for leave to proceed *in forma pauperis*. Based on these facts, the Court concludes that neither Bell nor Brown has taken any steps to participate in this action, and may not even be aware that their names were added to the complaint. Accordingly, co-Plaintiffs Bell and Brown shall be dismissed as parties to this action, without prejudice. All further references to "Plaintiff" in this

order shall refer only to Plaintiff Kendrick Butler individually.

The complaint was submitted electronically by Plaintiff from Pontiac and was filed in this Court on December 13, 2013. However, Plaintiff had signed the document on October 11, 2013 (Doc. 1, p. 11). On that date, Plaintiff was still incarcerated at Menard Correctional Center ("Menard"), where his numerous claims arose.

Shortly before this action was filed, Plaintiff filed another lawsuit in this Court, *Butler v. Harrington, et al.*, Case No. 13-cv-1270-JPG, on December 10, 2013. Most of the instant complaint (Doc. 1, pp. 1-8 and p. 11) is an exact copy of the complaint filed in Plaintiff's first case. The only difference in these pages is that Plaintiff added the names of three new Defendants (Officers Arnold and Goetz, and Counselor Nippe)[1] on page 2, and added the names of the co-Plaintiffs discussed above. Pages 9 and 10 of the instant complaint, however, are different from the first complaint, although some of the factual allegations are similar to that case.

**The Complaint**

The following summary is taken from the instant complaint. Where the allegations are identical to those in Plaintiff's earlier case (No. 13-cv-1270), the same designations of the numbered claims/counts shall be used herein.

During Plaintiff's incarceration at Menard, where he had been held since 2009, he was not allowed to participate in educational and rehabilitative programs **(Count 1)**, was attacked by several officers when he returned from a federal court writ **(Count 2)** (Doc. 1, p. 4), was denied access to law library materials **(Count 3)**, was "denied legal, medical, and health privileges" during lengthy lockdown periods **(Count 4)**, and had his legal and personal mail

---

[1] These individuals were inadvertently omitted from the docket sheet; the Clerk shall be directed to add the omitted parties.

mishandled **(Count 5)** (Doc. 1, p. 5).  Further, he was held in disciplinary segregation in 2011 for 60 days beyond the time he should have served, when some of his charges were deleted and his punishment was cut down **(Count 6)**.  *Id*.  After a September 2013 disciplinary charge for fighting, dangerous disturbance, and dangerous contraband, Plaintiff was denied his right to confront a confidential informant who gave evidence against him **(Count 7)**.  It is possible that Plaintiff was denied his right to call his own witnesses in that disciplinary hearing, but the complaint is unclear on this matter (Doc. 1, p. 6).  Plaintiff also complains that too much money was deducted from his inmate trust account to pay restitution ordered after he was convicted of a federal offense **(Count 8)**, and that he was not given indigent hygiene supplies often enough **(Count 9)** (Doc. 1, pp. 7-8).

He then describes an incident where he was "snatched" into another inmate's cell (Wells), where Wells assaulted him with a weapon **(Count 10)** (Doc. 1, p. 8).  Either an inmate or a correctional officer locked Plaintiff into the cell so he could not escape the assault.  *Id*.; (*see also* Doc. 1, p. 10).  Plaintiff mentions an Officer Weaver, but is not clear on whether he was present during the attack, and Plaintiff does not include him among the Defendants.  Plaintiff later told Defendant Anthony (of Internal Affairs) about the incident.

Next, Plaintiff claims that Officer Phelps and Defendant Anthony retaliated against him for "beat[ing] several other disciplinary reports" and for pursuing a grievance involving Defendant Anthony, by writing an investigative status disciplinary report on Plaintiff (Doc. 1, pp. 9-10).  This appears to be the same allegation that was included in Case No. 13-cv-1270 and designated as **Count 11** – however, in the earlier case, Plaintiff did not identify which officers wrote the retaliatory report.  Plaintiff states that the report, dated November 26, 2013, falsely accused him of conspiracy to commit an assault and STG (security threat group) activity

(Doc. 1, p. 10).

Plaintiff was then abused by Officers Singapore, Goetz, and McClurered,[2] who placed him in handcuffs several times over a three-day period, leaving them on so long that Plaintiff's circulation was cut off (Doc. 1, p. 9). This claim was designated as **Count 12** in the earlier case, for retaliation and excessive force.

As further retaliation, Plaintiff was placed in a cell with no lights and no water; the water was later restored (Doc. 1, p. 9). Plaintiff does not say who was responsible for these actions, nor does he indicate how long his cell was without water or lights. This allegation was not included in Case No. 13-cv-1270. It shall be designated herein as **Count 13**.

Plaintiff adds a general statement that "throughout 2013" he was "abused" by Officers Phelps, McClurered, Goetz, Singapore, and Defendant Anthony while he was serving segregation time (Doc. 1, p. 9). Other than the incidents designated as Counts 11 and 12, Plaintiff gives no further information about what this "abuse" entailed. This conclusory statement of "abuse" is insufficient to state any additional claim beyond those already recognized in the counts numbered above, and shall not be addressed further. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

**Motion to File Additional Authority for Civil Suit (Doc. 5)**

On January 2, 2014, Plaintiff filed the above-titled motion. Despite his description, this motion in substance is an attempt to add additional factual allegations and Defendants which were not included in the original pleading. This is not an acceptable way to amend a complaint, because the Court does not allow piecemeal amendments (also known as

---

[2] Officers Phelps, Singapore, and McClurered were not included as Defendants in the case caption or in the list of named Defendants. The Clerk shall be directed to add these individuals and Officer Gaetz as party Defendants to this action.

amendment by interlineation). Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted. All claims against all defendants must be set forth in a single document. Accordingly, Plaintiff's motion (Doc. 5) is **DENIED.** The Court's threshold review shall be limited to the original complaint (Doc. 1).

The Court notes that some of the allegations in Plaintiff's motion appear to relate to Count 10. Plaintiff has been directed to submit an amended complaint in order to pursue that claim in his earlier case (No. 13-cv-1270-JPG), and he is advised to carefully follow the instructions as to the preparation of an amended complaint.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Judge Gilbert conducted a thorough review pursuant to § 1915A of Plaintiff's claims in **Counts 1 through 12** in Case No. 13-cv-1270-JPG (Doc. 5 in Case No. 13-cv-1270). He summarized those claims as follows:

> **Count 1:** Equal protection claim for denial of access to educational/rehabilitative programs;
>
> **Count 2:** Excessive force claim for assault by unidentified officers upon Plaintiff's return from a federal court writ;
>
> **Count 3:** Denial of access to legal materials by law library clerk which caused delay in filing court documents;
>
> **Count 4:** Equal protection claim and Eighth Amendment claim for denial of medical, legal, and health privileges during excessive lockdown periods;
>
> **Count 5:** Improper opening of legal mail and mishandling of personal mail;
>
> **Count 6:** Due process claim for April 11, 2011, disciplinary charges that resulted in Plaintiff serving 60 days excess segregation time before his punishment was reduced;

**Count 7:** Due process and confrontation clause claims for September 11, 2013, disciplinary charges where Plaintiff was found guilty based on evidence from a confidential informant;

**Count 8:** Claim for improper withdrawal of Plaintiff's funds to pay federal restitution;

**Count 9:** Eighth Amendment claim for failure to provide Plaintiff with indigent hygiene supplies;

**Count 10:** Failure to protect claim against unidentified officer(s) who allowed or facilitated Plaintiff's beating by a fellow inmate who pulled Plaintiff into his cell;

**Count 11:** Retaliation claim against unidentified Internal Affairs staff who issued a false disciplinary report against Plaintiff on November 22, 2013, after Plaintiff pursued a grievance against them;

**Count 12:** Excessive force and retaliation claims against unidentified officers who assaulted Plaintiff and kept him in handcuffs for three days in November 2013 following the November 22, 2013, disciplinary report.

Judge Gilbert's threshold order in Case No. 13-cv-1270 dismissed several counts pursuant to 28 U.S.C. § 1915A. **Counts 3, 4, 9**, and the due process portion of **Count 7** were dismissed without prejudice. **Counts 1, 6, 8**, and the confrontation-clause portion of **Count 7** were dismissed with prejudice. Plaintiff was ordered to submit an amended complaint in that action in order to pursue his claims in **Counts 2, 5, and 10**.

Because the portions of the instant complaint designated as **Counts 1 through 10** are identical to those portions of Plaintiff's pleading in Case No. 13-cv-1270, the undersigned Judge adopts Judge Gilbert's disposition of those claims. Accordingly, Counts 1- 10 shall all be dismissed from the instant action as duplicative of the same claims raised in the earlier lawsuit. The dismissal of Counts 2, 5, and 10 from this case shall be without prejudice to their consideration in Case No. 13-cv-1270-JPG under the terms of the threshold order in that action (Doc. 5 in Case No. 13-cv-1270-JPG), or in separate action(s) if severance of the claims is eventually ordered.

**Revision of Counts 11 and 12**

Judge Gilbert dismissed Counts 11 and 12 from Case No. 13-cv-1270 without prejudice to those claims going forward in the instant action. In consideration of the additional factual allegations in the instant complaint, those claims can now be restated as follows:

> **Count 11:** Retaliation claim against Defendants Phelps and Anthony for issuing a false disciplinary report against Plaintiff on or about November 22-26, 2013, after Plaintiff pursued a grievance against Defendant Anthony and successfully challenged earlier disciplinary actions;
>
> **Count 12:** Excessive force and retaliation claims against Defendants Singapore, Goetz, and McClurered, for keeping Plaintiff in handcuffs during three days in November 2013 following the above disciplinary report.

Both of these claims survive § 1915A review, and shall be referred to a United States Magistrate Judge for further consideration.

**Dismissal of Count 13 – Retaliatory Cell Placement/Deprivation of Water and Lights**

Plaintiff does not identify which Defendant(s) denied him access to water and lights, nor does he state how long he was housed under these conditions. He also fails to connect this "retaliation" with any protected activity on his part. While these allegations raise constitutional concerns, the complaint does not contain sufficient information for the Court to determine whether these actions amounted to constitutional violations, much less which Defendant should be ordered to answer the claim(s). Accordingly, Count 13 shall be dismissed without prejudice.

**Defendants to be Dismissed**

The factual allegations supporting Counts 11, 12, and 13 fail to include any allegations of personal involvement by Defendants Harrington, Kimberly Butler, Rednour, Gaetes (an ex-warden), Veath, Hart, or Hasemayer. Similarly, Plaintiff fails to mention Defendants Arnold or Nippe anywhere in the body of the complaint in connection with any of

the claims.

Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). These Defendants shall therefore be dismissed from the action without prejudice.

**Pending Motions**

Plaintiff filed two motions for leave to proceed *in forma pauperis* (Docs. 3 and 4). These motions shall be addressed in a separate order. Further, Plaintiff must timely comply with the order at Doc. 6 to provide the Clerk with the required inmate trust fund account statement(s).

As noted above, Plaintiff's motion to file additional authority (Doc. 5) is **DENIED**, without prejudice to Plaintiff submitting a proper and complete amended complaint, should he wish to do so. If Plaintiff attempts to revive any of the claims that were dismissed with prejudice by Judge Gilbert from *Butler v. Harrington, et al.*, Case No. 13-cv-1270-JPG,[3] by including them in an amended complaint in this action, the amended complaint shall be stricken.

**Disposition**

**CO-PLAINTIFFS BELL and BROWN** are **DISMISSED** from this action without prejudice.

The Clerk is **DIRECTED** to add the following party Defendants to the action: **COUNSELOR NIPPE,** and **OFFICERS ARNOLD, PHELPS, McCLURERED, GOETZ,**

---

[3] The claims dismissed with prejudice from 13-cv-1270-JPG were Counts 1, 6, 8, and the confrontation-clause portion of Count 7.

and **SINGAPORE.**

**DEFENDANTS HARRINGTON, KIMBERLY BUTLER, REDNOUR, GAETES, VEATH, HART, HASEMAYER, NIPPE,** and **ARNOLD** are **DISMISSED** from the action without prejudice, for failure to state a claim against them upon which relief may be granted.

**COUNTS 1 through 10** are **DISMISSED** from this action as duplicative of the claims Plaintiff brought in his other pending case in this Court: *Butler v. Harrington, et al*., Case No. 13-cv-1270-JPG (filed Dec. 10, 2013). The dismissal of **COUNTS 2, 5, and 10** is without prejudice to those claims being considered in Case No. 13-cv-1270-JPG.

**COUNT 13** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

In reference to **COUNTS 11 and 12**, the Clerk of Court shall prepare for Defendants **ANTHONY, PHELPS, SINGAPORE, GOETZ,** and **McCLURERED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2014**

s/ MICHAEL J. REAGAN
United States District Judge